RUSSELL *v.* MASSACHUSETTS MUTUAL LIFE INS. CO.
ET AL.

(Decided September 23, 1927.)

*Mr. H. L. Peeke,* for plaintiff.
*Mr. J. F. McCrystal,* for defendants.

WILLIAMS, J.   This cause comes into this court on appeal, and, the question of appealability not having been raised, we pass to a consideration of the cause upon its merits.

The plaintiff, Angeline M. Russell, seeks to recover the proceeds of an insurance policy issued by the Massachusetts Mutual Life Insurance Company, one of the defendants herein, on the life of her late husband, Charles C. Russell.   The proceeds of the policy, amounting to $998.95, have been paid by the insurance company to, and are now in the hands of, the clerk of this court.   The defendant the American Banking & Trust Company claims the right to apply

the proceeds of the policy to the payment of an indebtedness owing to it by Charles C. Russell at the time of his decease. The plaintiff was the beneficiary under the policy of insurance, and on May 8, 1916, jointly with her husband, executed and delivered an assignment of the policy to the American Banking & Trust Company, which was approved by the insurance company. At that time the decedent was indebted to the bank, and continued until his death to be indebted in amounts varying from time to time. When he died, he owed the bank $1,500.

It is an undisputed fact that the assignment was executed by plaintiff and her husband as above stated, and the indebtedness of the husband to the bank at the time of his death is undisputed. There is no evidence whatever to show that the assignment agreement was abrogated or the rights of the parties thereunder in any way changed by a new agreement. From the time the bank received the policy under the assignment agreement until the date of decedent's death, it held the policy subject to its terms. The rights of the parties are therefore controlled by and to be determined from the terms of that agreement. It reads as follows:

"For value received ——— hereby assign all right, title, and interest in and to policy No. 109709 issued by the Massachusetts Mutual Life Insurance Company, and insuring the life of Charles C. Russell, to the American Banking & Trust Company and the said the American Banking & Trust Company is hereby authorized to collect from the said company the full amount which may become due on said policy when it becomes a claim, and, out of the money so received, retain for its own use the amount of any

indebtedness of the said Charles C. Russell to the said the American Banking & Trust Company, and to pay over the balance, if any, to the same person, or persons, as are named in said policy as beneficiaries, or to the person, or persons, who may then be entitled to receive the same.

"This assignment is subject to all the conditions of the policy, and the contract of insurance still remains between the original parties to the same. It is understood that any dividends of surplus on account of said policy may be applied by said company towards the payment of premiums, unless the insured shall have in writing requested otherwise, and that in case this policy is now, or shall hereafter become, by operation of law or otherwise, binding upon said company as paid-up insurance, all dividends to which it may become entitled shall be paid to the insured.

"In witness whereof we have hereunto set our hands and seals this 8th day of May, 1916.
"Chas. C. Russell.
"Angeline M. Russell.

"In presence of:
"Lucia A. Russell.
"Henry J. Schiller."

The terms of this agreement are set forth in language that is plain, unequivocal, and free from double meaning. Under it at such time as the policy became a claim the bank was authorized to collect from the insurance company the amount of the policy and retain for its own use the amount of any indebtedness of Charles C. Russell to the American Banking & Trust Company, and to pay the balance over to the beneficiary under the policy or those entitled to receive it. The policy became a claim at

the death of Charles C. Russell. Even though the plaintiff may have gone to an officer of the bank, who told her that the policy had been lost, or indicated by his statements that it might be delivered to her, the policy would still be held as collateral under the original agreement until a new agreement was made or the original agreement abrogated.

The defendant, the American Banking & Trust Company, is entitled to the proceeds of the insurance policy, to be applied on the payment of the indebtedness of the decedent.

*Degree accordingly.*

RICHARDS and LLOYD, JJ., concur.